## W. H. LEWIS v. M. J. COX, ET AL.

**Title by Adverse Possession.**

> Where one claiming land under a patent to his grantors, or those under whom he claims, has had the actual continuous possession of the tracts for fifteen years, claiming to the boundary as described by the patent or original survey his title is good.

**Instructions.**

> An instruction otherwise correct should not be given when there is no issue of fact or law to base it upon. Instructions should fit the state of case shown by the evidence.

### APPEAL FROM MORGAN CIRCUIT COURT.

May 7, 1885.

OPINION BY JUDGE LEWIS:

The patents issued to McClure for 200 acres and to William Lewis for 100 acres, appear to be older than the patent under which

appellees claim and if correctly run out, cover the land in dispute.

There is, however, a mistake in a call of the Lewis patent, and if pursued only a portion of the disputed land is covered. This mistake is shown by the original survey which accurately calls the lines and corners and can be readily closed. It is also demonstrated by the impossibility of closing or giving shape to the tract if the calls of the patent are pursued.

The two tracts were conveyed by H. H. Lewis to appellant by deed duly executed and recorded in 1869, but in describing the 100 acre tract the patent calls were followed. In October, 1879, another deed was executed in which it is recited the first deed was not correct in respect to the description of the land, and it was then described according to the calls of the original survey.

Appellees upon the trial of this action seem to have relied for recovery principally upon a parol agreement made in 1878 between H. H. Lewis, appellant's vendor, and appellee, M. B. Cox, husband of Martha J. Cox, the owner of the adjoining tract, by which a division line was established leaving the disputed land on her side.

Even if that agreement was such as in any state of case could be enforced, it certainly is not binding on appellant, for there is no evidence whatever that he took part in, assented to, or authorized H. H. Lewis to make it. Moreover, as Martha J. Cox did not authorize the husband to make it, nor bound herself in any way by it, appellant can not be held to it. But it is assumed that when it was made, the title to the land was in H. H. Lewis, and appellant, as his vendee, is bound by the agreement. It is true the last deed, which in terms covers the land in dispute, was executed subsequent to the agreement in question.

But the land conveyed by the deed of 1869 was the two tracts patented to McClure and Lewis, and H. H. Lewis was thereby divested of all title thereto, and appellant was entitled to the deed made in 1879 correcting the mistake in the calls.

It therefore follows that the court erred in giving any instruction to the jury whatever based upon an agreed division line between the lands of appellant and Martha J. Cox, and it was error to hypothecate any instruction upon the acquiescence of appellant in an agreed line. For there is no evidence in the record showing, or even tending to show, any fact or circumstance binding him by

that agreement. It was also erroneous in more respects than one to leave it to the jury to say whether H. H. Lewis was the owner of the land, when he attempted to make an agreed division line. The record shows clearly that he had no title or claim to the land, but had conveyed all his interest to appellant.

Instruction No. 4 was improperly qualified by three preceding instructions, No. 1, 2, and 3, none of which ought to have been given.

If appellant·can connect himself by paper title to the patentees, McClure and Lewis, or if he, or those under whom he claims, has had before the commencement of this action the actual continuous possession of the McClure and Lewis tracts for fifteen years, claiming to the boundary thereof as described by the patents, or the original surveys, he not only can resist a recovery in the action, but would, as plaintiff, be entitled to a verdict, for appellees, as the record stands, have not shown a superior title, either paper or possession.

Instruction No. 4 asked by appellant and refused is as follows: "The court instructs the jury that the allegation in the defendants' answer of a mistake in the patent that issued on the original survey of William Lewis is not denied by the plaintiff, and the said allegation is taken as true, and if the jury believes that the boundaries of the original survey of Wm. Lewis covers any part of the land in controversy, they will find for the defendant the land embraced inside of the boundary of said original survey."

The evidence in the case shows that H. H. Lewis has a deed for the McClure tract of land, but never secured a deed for the William Lewis tract, though he purchased it, and took the actual possession more than fifteen years before the commencement of this action and he and those claiming under him have held it ever since. Such possession should be held to extend to the boundary of the tract as described in the original survey, which is the correct boundary. And the 4th instruction quoted, therefore, should have been given.

Judgment reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.

Judgment *reversed*.

*John E. Cooper, appellant.*

*Hazlerigg & Henry, for appellee.*